IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LEROY D. MANERS, *on behalf of*      *
*A.P.M.*, *a minor*,
                                     *
    Plaintiff,
                                     *
vs.                                                    CASE NO. 4:25-CV-412 (CDL)
                                     *
KENNETH S. LAWRENCE, *et al.*,
                                     *
    Defendants.
                                     *

O R D E R

Leroy Maners brought this action on behalf of his minor daughter under 42 U.S.C. § 1983, Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 29 U.S.C. § 794. Presently pending before the Court are Defendants' motion to dismiss and several motions filed by Plaintiff, including a motion to disqualify Defendants' counsel.  For the reasons set forth below, the Court denies the motion to disqualify (ECF No. 7) and denies Defendants' motion to dismiss (ECF No. 18) but orders Plaintiff to recast his complaint.

**I.    Plaintiff's Motion to Disqualify Counsel (ECF No. 7)**

Defendants are represented by Gregory S. Ellington and his firm, Hall Booth Smith, P.C.  Plaintiff argues that Ellington and his firm should be disqualified under Georgia Rule of Professional Conduct 3.7, the "Lawyer as Witness" rule.  That rule states that

a "lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness," with several exceptions that do not apply here.  GA R BAR Rule 4-102, RPC Rule 3.7(a).  Plaintiff also invokes Georgia Rule of Professional Conduct 1.7, which prohibits a lawyer from continuing to represent a client "if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client."  GA R BAR Rule 4-102, RPC Rule 1.7.

In support of his motion, Plaintiff asserts that he met with Ellington to watch video recordings of incidents involving his child.  Plaintiff does not seriously dispute that Ellington attended the meeting in his capacity as legal counsel to the Muscogee County School District and its employees.  Plaintiff contends that because Ellington heard an audio recording, watched a video recording, and reacted to the recordings during the meeting, Ellington is now a necessary witness in this action.  But Ellington's opinions about the recordings are not evidence relevant to disputed, material questions of fact, so Plaintiff did not demonstrate that Ellington is likely to be a necessary witness. Moreover, even if Plaintiff had shown that Ellington is likely to be a material witness (which he did not), "Rule 3.7 does not preclude a lawyer from representing a client prior to trial, even if the lawyer is likely to be a necessary witness at the trial."

*Clough v. Richelo*, 616 S.E.2d 888, 895 (Ga. Ct. App. 2005). And, because Plaintiff is not a party to the attorney-client relationship between Ellington and his clients, Plaintiff "has no standing to assert an actual or potential conflict of interest . . . as a basis for a motion to disqualify [Ellington] under Rule 3.7." *Id.* For all these reasons, the Court denies the motion to disqualify counsel (ECF No. 7).

## II.  Defendants' Motion to Dismiss (ECF No. 18)

Plaintiff filed his original complaint and his first amended complaint in the Superior Court of Muscogee County. Following Defendants' removal of the action to this Court, Plaintiff sought and received leave to file his second amended complaint. Defendants filed a motion to dismiss the second amended complaint, noting that Plaintiff's present operative complaint contains vague, conclusory allegations and very few factual details in support of the claims.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To satisfy the pleading rules, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Based on the Court's review, the second amended complaint does not comply with the applicable rules. It does not state claims in numbered paragraphs as required by Rule 10. More importantly, it does not include sufficient factual details to support a claim under any of the statutes Plaintiff invokes. The Court, though, declines to dismiss the second amended complaint at this time. Instead, the Court will give Plaintiff one final opportunity to recast his complaint so that it complies with the applicable rules. The recast complaint will supersede the second amended complaint and be the operative complaint in this action. In his recast complaint, Plaintiff should include the facts underlying his claims, including what happened, when it happened, where it happened, and who did what. Plaintiff should also clearly explain his contentions of how each Defendant violated his daughter's constitutional or federal statutory rights. Plaintiff's recast complaint is due within twenty-eight days of the date of this order. Failure to file a recast complaint that complies with the applicable rules may result in dismissal of this action.

## CONCLUSION

For the reasons set forth above, the Court denies the motion to disqualify counsel (ECF No. 7). The Court also denies the

4

motion to dismiss (ECF No. 18) but orders Plaintiff to file his recast complaint within twenty-eight days of today's order.  The Court makes the following rulings on Plaintiff's other motions:

- ♦ Plaintiff's motion to take depositions before discovery (ECF No. 9) is DENIED because Plaintiff offered no legal basis for the requested relief.

- ♦ Plaintiff's motion to remove qualified immunity (ECF No. 15) is DENIED because it is effectively a premature summary judgment motion on the issue of qualified immunity without any citations to evidence in the record.  Defendants' motion for leave to file an out-of-time response to the motion (ECF No. 35) is TERMINATED as moot.

- ♦ Plaintiff's motion to preclude Defendants' reliance on behavioral intervention plan and manifestation determination review (ECF No. 25) is DENIED because it is effectively a premature motion in limine without any citations to evidence in the record or legal authority requiring exclusion of such evidence.

- ♦ Plaintiff's motion for clarification (ECF No. 28) is TERMINATED.  After the Court granted the parties' consent motion to stay the Rules 16/26 Order requirements pending resolution of the pending motions, Plaintiff submitted a notice of withdrawal of his consent.  Even if Plaintiff had not consented to the motion to stay, the Court would have granted the stay in light of the procedural posture of the case.

- ♦ Plaintiff's motion for limited discovery (ECF No. 37) is DENIED; based on the present record, the Court does not find good cause for the relief Plaintiff seeks.

The Clerk shall refer the following motions to a magistrate judge:

- ♦ Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 11).  Plaintiff's motion for a ruling on this motion (ECF No. 45) is TERMINATED.

- ♦ Plaintiff's motion for appointment of counsel (ECF No. 42).

5

♦ Plaintiff's motion for exemption from PACER fees (ECF No. 46).

IT IS SO ORDERED, this 5th day of May, 2026.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

6